IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW JACKSON SMITH,                )<br>                                                           )<br>        Plaintiff,                             )<br>                                                           )<br>    v.                                               )<br>                                                           )<br>ERIC HOLDER, *et al.*,                )<br>                                                           )<br>        Defendants.                         ) | Civil Action No. 2:14cv404-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On May 20, 2014 (Doc. No. 1), Plaintiff, a U.S. Army veteran and Alabama inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, brought this *pro se* action naming as defendants Eric Holder, Attorney General of the United States; President Barack Obama; and Eric K.Shinseki, Secretary of Veterans Affairs.[1]  Plaintiff contends the Department of Veterans Affairs ("VA") has improperly reduced his veterans' disability payments and denied him medical care and educational benefits.  Maintaining that he is 100% permanently and totally disabled, he apparently seeks a judgment directing the VA to initiate monthly payments to him for full disability, to give him all back-pay to which he is entitled, and to provide him with "education, medical, and all other benefits, as well." Doc. No. 1 at 5.  He contends he has been treated inhumanely and directs his complaints about

---

[1] On September 22, 2014 (Doc. No. 3), Plaintiff moved to substitute Robert McDonald for Shinseki as a defendant in this action.  McDonald replaced Shinseki as Secretary of Veterans Affairs on July 30, 2014.

this alleged mistreatment toward "the VA, U.S.A., and Commander-In-Chief." *Id*. at 6.  In addition, he seeks unspecified actual and punitive damages. *Id*. at 7.

For the reasons that follow, the undersigned Magistrate Judge finds that Plaintiff's action should be dismissed.

## II.  DISCUSSION

**A.    Legal Standard**

"Federal courts are courts of limited jurisdiction" and, as such, they possess only the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir . 2005); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.  *Bochese*, 405 F.3d at 975 (quoting *University of South Alabama*, 168 F.3d at 410); *Miccosukee Tribe of Indians of Florida v. Kraus–Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010).

B.     **Subject Matter Jurisdiction under the VJRA**

Upon review of Plaintiff's complaint, this court cannot discern a basis for subject matter jurisdiction over his claims. Although the factual basis for Plaintiff's complaint is murky, what is clear is that all his claims arise from the same basic allegation – that the VA has wrongfully handled and underpaid his veterans' benefits.[2]

Claims concerning veterans' benefits are governed by 38 U.S.C. § 511. Section 511 is part of the Veterans' Judicial Review Act of 1988 ("VJRA"), which creates an exclusive review procedure for resolving veterans' benefits disputes. Section 511 provides:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision or benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> (b) The second sentence of subsection(a) does not apply to–
>
>    (1) matters subject to section 502 of this title;
>
>    (2) matters covered by sections 1975 and 1984 of this title;

---

[2] Materials included with Plaintiff's complaint indicate he served in the U.S. Army Special Forces from 1982 to 1992 and that he was honorably discharged in June 1992, at which time he was assigned a service-connected disabilities rating of "100 percent disabling." *See* Doc. No. 1-1 at 1-2. In 2000, Plaintiff was convicted in the Mobile County Circuit Court for the offense of manslaughter and was sentenced to 30 years in prison. *See* Doc. No. 1 and 4-5. He has been incarcerated since that time. Plaintiff seems to say the VA reduced his benefits in 2001 after his incarceration. *Id*. at 5. Although the issue is not directly addressed by Plaintiff in his complaint, this court notes that, under 38 U.S.C. § 5313, veterans convicted of a felony and incarcerated in a state or federal prison are subject to a substantial reduction in their veterans' benefits from the VA while incarcerated. *See, e.g., Wanless v. Shinseki*, 23 Vet.App. 143 (2009).

>    (3) matters arising under chapter 37 of this title; and
>
>    (4) matters covered by chapter 72 of this title.

38 U.S.C. § 511.

Subsections (b)(1) through (b)(3) of § 511 are not applicable in this case because they pertain to judicial review of rules and regulations, suits on government insurance policies, and housing and small business loans. Chapter 72 of Title 38, listed in § 511(b)(4), establishes the procedure for judicial review of final decisions of the Secretary of Veterans' Affairs. "[U]nder the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board [of Veterans' Appeals], then to the Court of Veterans' Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Hall v. U.S. Dept. of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996). *See also, e.g.*, *Murrhee v. Principi*, 364 F. Supp. 2d 782, 788 (C.D. Ill. 2005).

In short, the VJRA precludes judicial review of VA benefits decisions in federal district courts. 38 U.S.C. § 511. Consequently, this court lacks jurisdiction over Plaintiff's claims that the VA has wrongfully handled and underpaid his veterans' benefits, and those claims fall under the purview of § 511 of the VJRA. *See, e.g.*, *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 656 (D.C. Cir. 2010) (recognizing that decisions on disability compensation fall under the VJRA); *Lee v. United States*, 2007 WL 564179, at *3 (M.D. Ala. Feb. 20, 2007) (finding plaintiff's claims fell under § 511 because they stemmed from

the Central Alabama Veterans Health Care System's decision to bar him from the hospital which, in essence, was a denial of medical and hospital benefits). "Congress has attempted to 'close the door' on district court jurisdiction to hear cases arising out of veterans benefits claims by passing 38 U.S.C. § 511(a)." *Murrhee*, 364 F. Supp. 2d at 787. "[Section 511] does not exclude claims which are based upon the Constitution. The statute includes all claims, whatever their bases, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992); *see also Lewis v. Randle*, 2010 WL 1687970, at *2 (M.D. Ala. Mar. 9, 2010) ("[P]laintiff cannot avoid the jurisdictional bar of § 511 by couching his claim as a federal question."). "This is not to say that a plaintiff seeking review of a VA benefits decision ... has no recourse; [rather,] it is simply to say that such recourse is not available in a district court." *Anthon v. Shinseki*, 2009 WL 3739659, at *2 (E.D. Wis. Nov. 4, 2009).[3]

### III. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

It is further

---

[3] Plaintiff does not state whether he has complied with the requisite procedure for disputing the VA's determination regarding his veterans benefits. His complaint does not address whether or when he actually applied administratively for additional benefits.

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 17, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of October, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE